UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAY LEE VAUGHN, | ) | 1:12-cv—01231-LJO-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER SUBSTITUTING RALPH M. DIAZ |
| | ) | AS RESPONDENT |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| RALPH M. DIAZ, Warden, | ) | THE PETITION (DOC. 13) |
| | ) | |
| Respondent. | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| | ) | DISMISS THE PETITION (DOC. 13), |
| | | DISMISS THE PETITION FOR WRIT OF |
| | | HABEAS CORPUS AS UNTIMELY (DOC. |
| | | 1), AND DIRECT THE ENTRY OF |
| | | JUDGMENT FOR RESPONDENT |
| | | |
| | | FINDINGS AND RECOMMENDATIONS TO |
| | | DECLINE TO ISSUE A CERTIFICATE OF |
| | | APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition as untimely, which was filed on October 1,

2012. Petitioner filed opposition on October 11, 2012, and Respondent filed a reply on November 16, 2012.

I. <u>Substitution of Respondent</u>

Preliminarily, the Court notes that Respondent requests substitution of the named Respondent because the current warden of Petitioner's institution of confinement, the California Substance Abuse Treatment Facility (CSATF), is Ralph M. Diaz.

Respondent requested that the substitution occur pursuant to Fed. R. Civ. P. 25(d), which provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

The Court concludes that Ralph M. Diaz, Warden at CSATF, is an appropriate respondent in this action, and that pursuant to Fed. R. Civ. P. 25(d), he should be substituted in place of the California Department of Corrections.

Accordingly, it is ORDERED that the Clerk SUBSTITUTE Ralph M. Diaz, Warden, as Respondent in this action.

II. <u>Propriety of a Motion to Dismiss the Petition</u>

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to

2

dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss addresses the untimeliness of the petition pursuant to 28 U.S.C. 2244(d)(1). The material facts pertinent to the motion are mainly to be found in copies of the official records of state judicial proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent has not filed a formal answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Procedural Summary

On March 26, 2008, Petitioner was convicted in the Kern County Superior Court (KCSC) of two counts of forcibly committing a lewd or lascivious act upon a child under the age of fourteen

3

(counts one and two) in violation of Cal. Pen. Code § 288(b) and a single count of first degree burglary (count three) in violation of Cal. Pen. Code § 460. (LD 1.)[1] The jury further found that pursuant to Cal. Pen. Code § 667.61(a), Petitioner committed the burglary with the intent to violate Cal. Penal Code § 288(a) or 288(b)(1). Petitioner was sentenced in 2008[2] to an indeterminate state prison term of twenty-five years to life on count one, and concurrent terms of eight and six years, respectively, on counts two and three. The court stayed execution of sentence on counts two and three. (LD 1-2.)

On January 27, 2010, the California Court of Appeal, Fifth Appellate District (CCA) affirmed the judgment. (LD 2.)

On March 3, 2010, Petitioner sought review in the California Supreme Court (CSC), which was denied on April 14, 2010. (LD 3-4.)

On June 26, 2010,[3] Petitioner filed a petition for writ of

---

[1] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

[2] Respondent states that Petitioner was originally convicted of these offenses and an additional count of child molestation on July 14, 1997. The Court takes judicial notice of the docket in Vaughn v. Adams, case number 1:01-cv-05241-OWW-DLB, in which this Court granted Petitioner's previous habeas corpus petition for instructional error. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). Petitioner was retried and convicted on March 26, 2008. (LD 1.) Although Petitioner indicates in the petition before the Court that he was convicted and sentenced in 1997, the Court understands from the documents submitted in connection with the motion that Petitioner is challenging his 2008 convictions.

[3] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988); see, Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th

4

habeas corpus in the KCSC, which was denied on August 25, 2010. (LD 6-7.)

The Court takes judicial notice of its docket and documents filed in Vaughn v. Allison, case number 1:11-cv-01384-GSA-HC, which show that on August 17, 2011, Petitioner filed a previous federal habeas application challenging the same convictions. The Court found that the petition contained unexhausted claims and dismissed the action without prejudice on February 13, 2012. (Doc. 1, 6; doc. 18.)

On April 28, 2012, Petitioner filed a petition for writ of habeas corpus in the CSC, which was denied on July 11, 2012. (LD 8-9.)

Petitioner filed the petition in this action on July 20, 2012. (Doc. 1, 6.)

IV. The Limitation Period

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). Because Petitioner filed his petition for writ of habeas corpus here on July 20, 2012, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). It further identifies the pendency of some

---

Cir. 2003)). It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

5

proceedings for collateral review as a basis for tolling the running of the period. As amended, subdivision (d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

V.  <u>The Running of the Limitation Period</u>

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final.

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. <u>Burton v. Stewart</u>, 549 U.S.147, 156-57 (2007). The last sentence was imposed on Petitioner on April 28, 2008. (LD 1.)

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for

6

seeking such review in the highest court from which review could be sought.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied 525 U.S. 1187 (1999)).

Here, Petitioner's direct review concluded when his petition for review was denied by the CSC on April 14, 2010.  The time for direct review expired ninety days thereafter on July 13, 2010, when the period for seeking a writ of certiorari concluded.  See, Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Thus, the limitation period began to run on July 14, 2010, and without any tolling would expire one year later on July 13, 2011.  Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (holding analogously that the correct method for computing the running of the one-year grace period is pursuant to Fed. R. Civ. P. 6(a), in which the day upon which the triggering event occurs is not counted).

The petition was filed here on July 20, 2012.  Thus, absent any tolling, the petition shows on its face that it was filed outside the one-year limitation period provided for by the statute.

VI. <u>Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

Once a petitioner is on notice that his habeas petition may be subject to dismissal based on the statute of limitations, he has the burden of demonstrating that the limitations period was sufficiently tolled by providing pertinent dates of filing and denial, although the state must affirmatively argue that the petitioner failed to meet his burden of alleging the tolling facts; simply noting the absence of such facts is not sufficient. <u>Smith v. Duncan</u>, 297 F.3d 809, 814-15 (9th Cir. 2002).

Here, Petitioner filed his first state petition on June 26, 2010.  Although filing a state petition normally initiates a period of statutory tolling, there is no tolling during time that elapses before the limitations period commences to run. See <u>Waldrip v. Hall</u>, 548 F.3d at 735 (an unexplained delay of six months between the denial by one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending'").  Thus, on July 14, 2010, the date the statute of limitations began to run after the expiration of the direct appeal, the statute was tolled.  The period of tolling endured through August 25, 2010, the date the KCSC denied the first state petition.

On August 26, 2010, the limitation period began running and

1  expired one year later on August 25, 2011.

2  Petitioner filed his second state habeas petition on April
3  28, 2012. However, the limitation period had previously expired
4  by the time the petition was filed. Under such circumstances,
5  the pendency of state applications has no tolling effect.
6  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding
7  that filing a state collateral petition after the running of the
8  one-year limitations period of the AEDPA but even before the
9  expiration of the pertinent state period of finality did not toll
10 the running of the period under § 2244(d)(2)).

11 Accordingly, the petition filed in the present action on
12 July 20, 2012, was untimely.

13 VII.  Actual Innocence

14 Petitioner argues that he is innocent of the crimes of which
15 he was convicted.

16 The question of whether a showing of actual innocence will
17 bring a petitioner within an exception to the statute of
18 limitations, and the related question of whether a petitioner
19 claiming actual innocence must have exercised reasonable
20 diligence in raising his claim, are presently pending before the
21 United States Supreme Court. See, McQuiggin v. Perkins, 670 F.3d
22 665 (6th Cir. 2012), cert. granted, McQuiggin v. Perkins, 2012 WL
23 3061886 (No. 12-126, U.S., Oct. 29, 2012). However, in Lee v.
24 Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011), the court held
25 that a credible claim of actual innocence constitutes an
26 equitable exception to ADEPA's statute of limitations, and a
27 petitioner who makes such a showing may have his otherwise time-
28 barred claims heard on the merits. Thus, if an otherwise time-

9

barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may have his constitutional claims heard on the merits. Lee, 653 F.3d at 937.

It is the petitioner's burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. Lee v. Lampert, 653 F.3d at 937. The Petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. Id. at 937-38 (citing Schlup v. Delo, 513 U.S. 298, 314–16 (1995)). The new evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The Court considers all new and old evidence and makes a probabilistic determination of what reasonable, properly instructed jurors would do. Id. at 938.

The court in Lee expressly declined to decide what level, if any, of diligence is required for one raising the equitable exception of actual innocence. Lee v. Lampert, 653 F.3d at 934 n.9.

Here, the pertinent portion of Petitioner's opposition to the motion to dismiss contains Petitioner's discussion of his innocence:

> PETITIONER IS INNOCENT OF THE CRIMES CONVICTED OF,
> THE JURY REGARDLESS OF PETITIONER'S ALIBY (sic) WITNESS

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      OR THE FACT THAT THE VICTIM STATED THAT I THE PETITIONER
      IN THIS CASE DID NOT COMMIT THIS CRIME.

(Opp., doc. 14, 1.)

    There is no description of the facts of the offense in the petition. Likewise, the CCA's opinion in the direct appeal, which focused on the jury instructions concerning evidence of prior acts, does not contain a comprehensive statement of the facts of the offenses; it reveals only that Petitioner was convicted of having committed lewd acts with a seven-year-old child, and that the parties stipulated at trial that Petitioner had a twenty-five-year-old daughter who would testify that on one occasion when she was seven years old, Petitioner pulled down her panties and fondled her vagina, and Petitioner had threatened to kill the child's mother if the mother called the police. (LD 2, 2.) The petition for review filed by Petitioner in the CSC reflects that Petitioner presented alibi evidence that he was with his girlfriend on the night of the charged molestation; the victim reported to police that she was awakened by a man wearing a dark blue jacket pulled over his face, exposing only his eyes and nose; the victim picked out of a photographic lineup a picture of Petitioner, who was a family friend with whom the victim was familiar; there were some discrepancies with respect to the victim's descriptions of how she reported the matter to her parents after the molestation; and there was no DNA or other medical or physical evidence to corroborate the victim's claim that Petitioner was the person who molested her. (LD 3, 10-11.)

    Petitioner does not submit any evidence that establishes actual innocence of the charges. Although Petitioner refers to the victim's having said that Petitioner did not commit "this

11

crime," it is unclear to which of the counts this indirect assertion refers.  Further, Petitioner has not submitted any evidence regarding the alleged statement.  The state court record shows that the victim reported the crime and identified Petitioner as the perpetrator.  Petitioner's vague assertion regarding a statement made by the victim does not constitute new or reliable evidence that undercuts the reliability of the proof of guilt.  Petitioner has not met his burden of showing that it is more likely than not that no reasonable juror would have convicted him in light of new evidence.

Accordingly, Petitioner has not established actual innocence that would permit consideration of his petition on the merits despite the petition's untimeliness.

VIII.  Stay

Petitioner appears to contend that on or about April 29, 2012,[4] Petitioner construed a "notice" filed in federal court to be a stay that would enable Petitioner to proceed with the petition if Petitioner could or would exhaust state court remedies and amend the petition thereafter.  Petitioner appears to claim that his present petition is simply an amendment of his previous petition, and thus his claims relate back to properly exhausted claims.  (Doc. 14, 2.)

The Court takes judicial notice of the docket and specified orders filed in this Court in Vaughn v. Allison, case number 1:11-cv-01384-GSA-HC.  In that proceeding, Petitioner filed on

---

[4] The docket in Vaughn v. Allison, 1:11-cv-01384-GSA, reflects that on May 3, 2012, after judgment of dismissal and the filing of a notice of appeal, Petitioner filed a notice that he had filed a habeas petition in the California Supreme Court to exhaust his mixed petition, and he requested that he be allowed to try to exhaust his mixed petition.  (Doc. 24 at 1.)

August 17, 2011, a petition concerning the same convictions that Petitioner challenges here. (Doc. 1, 2.) Respondent moved to dismiss the petition on the ground that Petitioner had failed to present one of his two claims, namely, a claim concerning the ineffective assistance of counsel, to the California Supreme Court, and thus Petitioner had failed to exhaust state court remedies as to all of his claims. (Doc. 15, 3.) Petitioner opposed the motion, arguing that the state appellate court did not allow Petitioner the opportunity to exhaust his ineffective assistance claim, and requesting that Petitioner be allowed to exhaust his claim properly before the California Supreme Court. (Doc. 17, 2-3.) This Court concluded that the petition was a "mixed" petition containing both exhausted and unexhausted claims, and thus the petition was dismissed without prejudice to give Petitioner an opportunity to exhaust his claim if he could do so. (Doc. 18, 4-5.) In its order dismissing the petition without prejudice, this Court noted that the dismissal was not on the merits of the petition, and thus Petitioner could return to federal court file a second petition; however, the Court expressly warned Petitioner that if he returned to federal court and filed another mixed petition, the petition might be dismissed <u>with</u> prejudice. (<u>Id.</u> at 5.) The order of dismissal expressly dismissed the petition without prejudice and directed termination of the action and the entry of judgment, which was effected the same day. (<u>Id.</u> at 5; doc. 19.) Petitioner filed a notice of appeal. (Doc. 20.)

In summary, this Court's order of dismissal and entry of judgment in the first proceeding were not ambiguous; rather they

13

expressly provided that the proceeding was being terminated. The Court's notice concerning the future was clearly directing to the filing of petitions in separate actions in the future.

   IX.   Relation Back to the Previously Dismissed Petition

Petitioner appears to contend that he may amend his previous petition even after a judgment dismissing the petition has been entered and an appeal has been filed. However, once a district court has ruled on a claim and a party has filed an appeal from the ruling, the party may not amend his petition, even if the petitioner files a new petition before the appellate court rules. Beaty v. Schriro, 554 F.3d 780, 782-783 & n.1 (9th Cir. 2009), cert. den., Beaty v. Ryan, 130 S.Ct. 364 (2009).

Petitioner attempts to avoid the time bar by arguing that his claims in the present petition relate back to claims set forth in the previously dismissed petition. Pleading amendments relate back to the date of the original pleading when the claim asserted in the amendment arises out of the conduct, transaction, or occurrence set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). A petitioner may amend a pending habeas corpus petition to add a new claim after the statute of limitations has run only if the new claim shares a common core of operative facts with the exhausted claims in the pending petition such that the new claims depend upon events that are not separate in time and type from the originally raised episodes; otherwise a new claim will not "relate back" to the date the original petition was filed. Mayle v. Felix, 545 U.S. 644, 657-58 (2005); King v. Ryan, 564 F.3d 1133, 1142 (9th Cir. 2009).

Here, this Court dismissed Petitioner's previous petition;

thus, no claims were pending in this Court at the time Petitioner filed the present petition.  Relation back is not available where the district court dismisses the original habeas petition because there is nothing to which a new petition could relate back. Raspberry v. Garcia, 448 F.3d 1150, 1154-55 (9th Cir. 2006) (no relation back where the original petition was dismissed without prejudice for failure to exhaust state court remedies).  Thus, Petitioner's present petition does not relate back to his previous petition.

X.   Equitable Tolling

Petitioner argues that he failed to receive notice of the state court's decision, and thus he was not allowed to file a timely petition.  Petitioner contends that this failure of notice should equitably toll the running of the limitations period.

The one-year limitation period of § 2244 is subject to equitable tolling where the petitioner shows that he or she has been diligent, and extraordinary circumstances have prevented the petitioner from filing a timely petition. Holland v. Florida, – U.S. –, 130 S.Ct. 2549, 2560, 2562 (2010).  Petitioner must provide specific facts to demonstrate that equitable tolling is warranted; conclusory allegations are generally inadequate. Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D.Cal. 2009). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his

inability to file timely a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005). A prisoner's or counsel's failure to recognize that a state filing was unreasonably delayed under California law is not the result of an "external force" that rendered timeliness impossible, but rather is attributable to the petitioner as the result of his own actions. Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011).

The diligence required for equitable tolling is reasonable diligence, not "maximum feasible diligence." Holland v. Florida, 130 S.Ct. at 2565. However, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

A prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter. Ramirez v. Yates, 571 F.3d at 997. It has been held that a delay in receipt of notification of a ruling may serve equitably to toll the running of the statute. See, White v. Ollison, 530 F.Supp.2d 1077, 1083-84 (C.D.Cal. 2007) (collecting authorities); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061-62 (C.D.Cal. 2001); Lopez v. Scribner, 2008 WL 2441362, *7-*9 (No. CV 07-6954-ODW (JTL), C.D.Cal. Apr. 11, 2008) (unpublished).

Here, Petitioner has failed to inform the Court of which particular decision Petitioner allegedly failed to receive, the pertinent dates and the time period Petitioner seeks to have equitably tolled, or any details concerning Petitioner's ultimate

receipt of notice and the specific effect of the precise delay suffered by Petitioner.  Petitioner has failed to provide specific facts showing that extraordinary circumstances were the cause of Petitioner's untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Further, Petitioner has failed to provide the Court sufficient data to demonstrate that Petitioner proceeded diligently.  Thus, the Court concludes that Petitioner has not shown that he is entitled to equitable tolling based on failure to receive a decision.

In summary, the undisputed state court record shows that the petition in this proceeding was untimely filed.  Accordingly, it will be recommended that Respondent's motion to dismiss the petition be granted.

### XI.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

17

certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

XII. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED as

untimely; and

    3) Judgment be ENTERED for Respondent; and

    4) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **December 4, 2012**           **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE