UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAY LEE VAUGHN, | ) | 1:12-cv—01231-LJO-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER TO RESPONDENT TO FILE |
| | ) | ADDITIONAL RECORDS AND A |
| | ) | SUPPLEMENTAL BRIEF NO LATER THAN |
| v. | ) | THIRTY (30) DAYS AFTER THE DATE |
| | ) | OF SERVICE OF THIS ORDER |
| KATHLEEN ALLISON, | ) | |
| | ) | ORDER PERMITTING PETITIONER TO |
| Respondent. | ) | FILE A SUPPLEMENTAL REPLY BRIEF |
| | ) | AND SUPPORTING MATERIAL NO LATER |
| | ) | THAN THIRTY DAYS AFTER THE DATE |
| | ) | OF SERVICE OF RESPONDENT'S |
| | | SUPPLEMENTAL BRIEF |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are Petitioner's objections to the Magistrate Judge's findings and recommendations to grant Respondent's motion to dismiss the petition as untimely, which were filed on December 21, 2012. Although the time period for filing a reply has passed, no reply has been filed.

In the findings and recommendations, the Magistrate Judge recommended that pursuant to Respondent's motion, the petition be

1  dismissed as untimely filed.  Thereafter, Petitioner filed
2  objections in which for the first time he submitted factual
3  details concerning the Kern County Superior Court's alleged
4  failure to send Petitioner notice of the denial of a habeas
5  corpus petition that Petitioner had filed in that court.
6  Petitioner claims that the delay warrants equitable tolling.
7  Petitioner also appears to contend that he filed documents with
8  the state intermediate appellate court that were reassigned or
9  forwarded to this Court.

10     A court has inherent power to control its docket and the
11  disposition of its cases with economy of time and effort for both
12  the court and the parties.  Landis v. North American Co., 299
13  U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
14  (9th Cir. 1992).  In order to consider fully and to determine
15  Petitioner's argument of equitable tolling, the Court desires to
16  have a full record of the pertinent proceedings and Petitioner's
17  correspondence with the Kern County Superior Court.  Further, the
18  Court wants to review Petitioner's outgoing and incoming legal
19  mail during the period  in which Petitioner was filing petitions
20  for collateral relief in the state courts.  Finally, the Court
21  seeks to give the parties an opportunity to file additional
22  documentation and briefing concerning the equitable tolling.

23     Accordingly, it is ORDERED that Respondent shall FILE no
24  later than thirty (30) days after the date of service of this
25  order an additional record pertinent to Petitioner's equitable
26  tolling claim, including but not limited to 1) the entire file[1]

---

[1] Respondent has already lodged a copy of the petition filed on June 30, 2010, and of a denial order dated August 25, 2010, along with a copy of minute order (unsigned) of the same date indicating that a copy of the minute order

of the Petitioner's habeas corpus proceeding in the Kern County Superior Court, <u>Ray Lee Vaughn v. The People of the State of California</u>, case no. HC011897A; and 2) the incoming and outgoing mail log(s) for Petitioner at his institution(s) of confinement for the period of time between June 15, 2010, and May 15, 2012.

    Respondent shall FILE no later than thirty (30) days after the date of service of this order a supplemental brief addressing equitable tolling.

    Petitioner may FILE a supplemental reply brief and any further supporting materials no later than thirty (30) days after the date of service of Respondent's supplemental brief.

    IT IS SO ORDERED.

**Dated:**   **February 22, 2013**            /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE

---

was sent to the Petitioner. (LD 6-7.) Thus, Respondent need not resubmit those documents. However, the Court needs to see the entire file, including but not limited to copies of any correspondence and proofs of service.

3