Case 1:12-cv-01231-LJO-BAM   Document 44   Filed 04/01/14   Page 1 of 16

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN,<br><br>        Petitioner,<br><br>  v.<br><br>RALPH M. DIAZ, Warden,<br><br>        Respondent. | Case No. 1:12-cv-01231-LJO-BAM-HC<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 34) PENDING FURTHER SUBMISSIONS FROM THE PARTIES<br><br>ORDER DIRECTING EXPANSION OF THE RECORD AND FURTHER BRIEFING REGARDING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 34)<br><br>Respondent's deadline:<br>Forty-five (45) days after service<br><br>Petitioner's deadline:<br>Thirty (30) days after service of Respondent's Supplemental Brief |

    Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Petitioner's motion for reconsideration of the dismissal of his petition for untimeliness. In Petitioner's motion, which was filed on August 14, 2013,

1

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because of his mental illness during the pertinent period of time.

In this order, the Court will review the briefing and documents submitted in connection with the motion and will schedule additional input from the parties and expansion of the record in order to have an adequate record to present to the Court to evaluate the motion for reconsideration.

> I. <u>Summary of the Proceedings Pertinent to the Motion for Reconsideration</u>
>
> A. <u>Procedural Summary</u>

The Magistrate Judge filed findings and recommendations on Respondent's motion to dismiss, dismissing Petitioner's petition after the motion, opposition, and a reply had been filed. Petitioner filed objections, which caused the Court to solicit additional documentation and briefing from the parties regarding Petitioner's allegations and arguments for equitable tolling of the statute of limitations.  Thereafter, the Magistrate Judge ordered the initial findings and recommendations vacated and filed new findings and recommendations in June 2013.  Petitioner filed objections to the findings and recommendations.

On August 7, 2013, the Court adopted the Magistrate Judge's findings and recommendations, granted the Respondent's motion to dismiss the petition, and dismissed Petitioner's petition for writ of habeas corpus as untimely; judgment was entered and served on Petitioner on the same day.

///

On August 14, 2013, Petitioner constructively filed[1] a motion for reconsideration of the dismissal in which he sought relief from the judgment and purported to submit "final objections" to the findings and recommendations.[2]

On August 29, 2013, Petitioner filed a notice of appeal from the judgment of dismissal.

On September 11, 2013, Respondent filed opposition to Petitioner's motion for reconsideration.

On November 27, 2013, the Court of Appeals for the Ninth Circuit issued an order in the appeal in which it noted that because the appeal was filed during the pendency of a timely-filed "Fed. R. App. P. 4(a)(4) motion," the notice of appeal is ineffective until entry of this Court's order disposing of the motion.  Further, the

---

[1] Petitioner signed and declared under penalty of perjury that he mailed his motion from his custodial institution on August 14, 2013. (Doc. 34, 3.)  The motion was deemed filed on that date pursuant to the "mailbox rule," which was initially developed in case law and is reflected in Habeas Rule 3(d).  Pursuant to the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  Rule 3(d) requires an inmate to use the custodial institution's system designed for legal mail and provides for a showing of timely filing by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage.  The mailbox rule applies to federal and state petitions alike.  Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed.  Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001).  The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[2] To the extent that Petitioner purports to submit objections to the findings and recommendations, the Court notes that objections would be untimely; thus, the Court considers Petitioner's points in connection with the pending motion for reconsideration.

3

proceedings in the Court of Appeals will be held in abeyance pending this Court's resolution of the motion. (Doc. 43.)

Although the time for filing a reply to Respondent's opposition to the motion for reconsideration has passed, Petitioner failed to file a reply.

### B. Summary of the Chronology Pertinent to Equitable Tolling

Direct review of Petitioner's judgment concluded when the California Supreme Court (CSC) denied a petition for review on April 14, 2010, and the statute of limitations would otherwise have begun running ninety days later on July 14, 2010. However, because Petitioner had already filed in June 2010 a habeas petition in the trial court (the Kern County Superior Court or KCSC), the pendency of the KCSC habeas petition statutorily tolled the running of the statute of limitations until August 25, 2010, when the KCSC denied the petition and sent notice of the denial to Petitioner.

The statute began to run again on August 26, 2010, and expired on August 25, 2011. During that time interval, Petitioner filed a petition here, which was pending between August 17, 2011, and February 13, 2012, when it was denied without prejudice for being a mixed petition containing a claim as to which state court remedies had not been exhausted.[3] Petitioner asserted that he had mailed the petition to the state intermediate appellate court (California Court

---

[3] Reference to the docket in that case, Vaughn v. Allison, 1:11-cv-01384-GSA, shows that on May 3, 2012, after judgment of dismissal and the filing of a notice of appeal, Petitioner filed a notice that he had filed a habeas petition in the California Supreme Court to exhaust his mixed petition, and he requested that he be allowed to try to exhaust his mixed petition. (Doc. 24 at 1.) Petitioner's appeal was terminated on February 11, 2013, when Petitioner's request for a certificate of appealability was denied by the Ninth Circuit Court of Appeals. (Doc. 25.)

4

of Appeal or CCA), which had in turn erroneously forwarded it to this Court; he had never intended to file a petition in this Court at that time, but rather to exhaust his state court remedies by filing in the CCA.  Further, he alleged that it was not until October 3, 2011, that he received notice of the KCSC's denial of his habeas petition that had been filed and mailed on August 25, 2010. Petitioner sent inquiries seeking a decision on the petition to the KCSC on June 26, 2011; July 25, 2011; and August 9, 2011. Petitioner also filed a motion for a transcript in the KCSC on or about August 13, 2011, which was denied by the KCSC on September 29, 2011, in a decision stating that the petition remained denied, and it had no authority to reconsider the petition.  Petitioner filed in the California Supreme Court (CSC) a second state habeas petition on April 28, 2012, after the limitations period had run.  The petition was resubmitted but disregarded by the CSC in August 2012.

The petition in the instant case was dismissed because of the long delay between the KCSC's denial of August 25, 2010, and Petitioner's first inquiry seeking a decision that was directed to the KCSC on June 26, 2011.  Further, the Court concluded that Petitioner had delayed in the exhaustion of his state court remedies between October 2011, when he received notice that the KCSC had denied his petition, and April 28, 2012, when he filed a petition in the CSC.  Largely on the basis of these delays, Petitioner was found not to have been sufficiently diligent to warrant equitable tolling. (Fdgs. & recs. to dimiss pet., doc. 28, 15-27.)

II.  <u>Motion for Reconsideration</u>

In the motion currently before the Court, Petitioner seeks this Court to reconsider the motion to dismiss, the Court's decision not

to issue a certificate of appealability, and Petitioner's "last objection to findings and recommendations...."  (Mot., doc. 34, 1.)  Petitioner asks for this Court to conduct a de novo review of Petitioner's "mental files" in prison.  (Id.)

        A.    Summary of the Allegations regarding Petitioner's Mental Condition

In the motion for reconsideration, Petitioner alleges that he is under psychiatric treatment for mental illness.  He alleges that he "has been on some type of [psychotropics] [his] entire incarceration."  (Mot., doc. 34, 1.)  Petitioner alleges the following in pertinent part:

> THE MEDICATIONS THAT PETITIONER HAS BEEN UNDER FOR
> MENTAL ILLNESS, THE DROWSYNESS (sic), THE PERIODS OF
> INABILITY TO THINK PROPERLY.  PETITIONER ASKS THIS COURT
> TO CONDUCT A de NOVO REVIEW OF MENTAL HEALTH FILES
> OF THE PETITIONER'S [PSYCHIATRIC] MEDICATIONS, THE
> SUICIDE WATCH, THE DEPRESSIVE BOUTS THAT RESTRICTS
> PETITIONER TO HIS BED OFTEN SINCE THE BEGINNING OF
> PETITIONER'S PRISON TERM AND, BUT NOT LIMITED TO THE
> BEGINNING OF THIS HABEAS CORPUS WRIT.  PETITIONER IS
> AN ACTIVE PARTICIPANT IN THE MENTAL [HEALTH] DELIVERY
> SYSTEM AT THE C.C.C.M.S. LEVEL OF CARE, HERE IN
> THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

(Doc. 34, 2.)

Petitioner further alleges:

> AT THE TIME OF PETITIONER'S ORIGINAL PETITION WAS FILE
> INTO THE K.C.S.C. UP UNTIL NOW, PETITIONER'S MENTAL
> ILLNESS AND MEDICATION HAS BEEN A SERIOUS FACTER (sic) IN
> MY TIMELY FILINGS TO THIS COURT.

(Id. at 1.)

Petitioner's last objection to the findings and recommendations was filed on July 15, 2013.  (Doc. 29.)  In pertinent part,

6

Petitioner stated that he intended the first federal petition to be filed in the California Court of Appeal (CCA), addressed it to the CCA, had no idea how it got here but states that it was erroneously sent to this Court.  Petitioner did not control the mail, and he asserts generally that someone or something from the prison system or the CCA obstructed justice.  Petitioner states that when that petition was dismissed, Petitioner filed on May 3, 2013, in the same action, a notice asking this Court to stay the proceedings to permit him to exhaust his petition in the CSC; thus, his federal action was timely filed.  (Id. at 1, 4-6.)

Further, in the objections, Petitioner refers to the "small and limited amount of prison legal law library and its staff," and states that he "went through desperate measures to obtain the actual time the K.C.S.C. had to send a habeas corpus review decision." (Id. at 6.)  He states that he sent several letters to the KCSC regarding the decision and did not know about a sixty-day limit in the KCSC.  (Id.)

    B.   Analysis

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e).  United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order.  American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).  A motion to

7

alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

### 1. Relief pursuant to Fed. R. Civ. P. 59(e)

Relief pursuant to Fed. R. Civ. P. 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

Petitioner appears to argue that he is entitled to equitable tolling because of his mental illness and treatment for mental illness. The underlying evidence regarding Petitioner's mental illness and treatment consisted of matter within Petitioner's personal knowledge at the pertinent time, and thus it cannot be said to constitute newly discovered evidence. No change in controlling law has intervened, and Petitioner does not make a showing of any clear error on the part of the Court in its ruling on the motion to dismiss.

However, in an abundance of caution with regard to the limitations placed on pro se petitioners who are suffering from mental illness, the Court will consider Petitioner's claim concerning his mental illness to raise unusual circumstances.

#### a. Equitable Tolling for Mental Illness

The one-year limitation period of § 2244 is subject to equitable tolling where the petitioner shows that he or she has been

8

diligent, and extraordinary circumstances have prevented the petitioner from filing a timely petition. Holland v. Florida, –U.S. –, 130 S.Ct. 2549, 2560, 2562 (2010). Petitioner bears the burden of showing the requisite extraordinary circumstances and diligence. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate that equitable tolling is warranted. Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006). Conclusional allegations are generally inadequate. Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D.Cal. 2009). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

In Bills v. Clark, 628 F.3d 1092, 1093 (9th Cir. 2010), the court concluded that equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally to understand either the need to file timely or to prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence. Bills v. Clark, 628 F.3d 1092, 1093. The court focused its inquiry on the ability of petitioners to comply with what the law requires given their particular circumstances, stating the test as follows:

> With these cases in mind, we conclude that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:
>
> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control,

9

>   see Holland, 130 S.Ct. at 2562, by demonstrating the
>   impairment was so severe that either
>
>      (a) petitioner was unable rationally or
>      factually to personally understand the need to
>      timely file, or
>
>      (b) petitioner's mental state rendered him
>      unable personally to prepare a habeas petition
>      and effectuate its filing.
>
>   (2) Second, the petitioner must show diligence in pursuing
>   the claims to the extent he could understand them, but
>   that the mental impairment made it impossible to meet the
>   filing deadline under the totality of the circumstances,
>   including reasonably available access to assistance. See
>   id.
>
>   To reiterate: the "extraordinary circumstance" of mental
>   impairment can cause an untimely habeas petition at
>   different stages in the process of filing by preventing
>   petitioner from understanding the need to file,
>   effectuating a filing on his own, or finding and utilizing
>   assistance to file. The "totality of the circumstances"
>   inquiry in the second prong considers whether the
>   petitioner's impairment was a but-for cause of any delay.
>   Thus, a petitioner's mental impairment might justify
>   equitable tolling if it interferes with the ability to
>   understand the need for assistance, the ability to secure
>   it, or the ability to cooperate with or monitor assistance
>   the petitioner does secure. The petitioner therefore
>   always remains accountable for diligence in pursuing his
>   or her rights.

Bills v. Clark, 628 F.3d at 1099-1100.  The standard thus requires evaluation of the petitioner's ability to understand the need to file within the limitations period and to submit a minimally adequate habeas petition as well as the petitioner's diligence in seeking assistance with what he could not do alone; relief is available if the mental impairment rendered timely filing impossible or even where it would have technically been possible for a prisoner

10

to file a petition, but a prisoner would have likely been unable to do so.  Id. at 1100 n.3.  The court set forth the following analytical path for a district court to follow:

> In practice, then, to evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Bills v. Clark, 628 F.3d at 1100-1101.  With respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available.  Thus, this Court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found.  Id. at 1101.

Here, the details of Petitioner's mental condition during the pertinent time are not before the Court.  Petitioner has not made a showing that severe mental illness prevented timely filing under the standards of Bills v. Clark.

However, whether the limitations period for federal habeas should be equitably tolled depends on Petitioner's mental illness.  The Court must determine whether Petitioner is entitled to further factual development of his claim of entitlement to equitable tolling because of mental illness during the period in which he could have timely filed by considering in turn whether Petitioner has set forth

11

good-faith allegations which would entitle him to equitable tolling and whether there are circumstances consistent with the petition under which Petitioner would be entitled to equitable tolling.  See, Laws v. Lamarque, 351 F.3d 919, 922-24 (9th Cir. 2003) (concerning mental incompetence).

In Laws, the court considered a petitioner's claim that he had been incompetent and thus had been precluded from communicating with the court during the pertinent filing period.  The Petitioner had a documented history of mental condition bordering on incompetence at times other than the pertinent filing period, including pretrial referral for examination and hearing pursuant to Cal. Pen. Code § 1368, which had resulted in the trial court's finding of competence to stand trial after three psychiatrists and two psychologists disagreed on the issue.  In the federal proceeding, the Petitioner alleged that he had been incompetent during the pertinent filing period and that he had ingested medications that had deprived him of any kind of consciousness.  Although medical records for the pertinent filing period were not before the court, the petitioner's sworn allegations were unrebutted.

The Laws court concluded that the trial court had erred in denying the claim of equitable tolling on the ground that the petitioner had failed to establish that the incompetence rendered it impossible for him to file timely.  The court rejected putting the burden of persuasion on the petitioner at that point in the proceedings, and it held that in light of the sworn allegations of mental incompetence before the court, the petitioner was entitled to further factual development in the form of discovery or expansion of the factual record pursuant to Habeas Rules 6 and 7.  Further

factual development was warranted because there were "circumstances consistent with petitioner's petition... under which he would be entitled to a finding of... equitable tolling" for further factual development to be required.  Laws, 351 F.3d at 924 (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2003), where the court concluded that the district court had wrongly precluded further factual development, such as an opportunity for the petitioner to amend his declaration and for the respondent to respond, because it had wrongly concluded that there were no circumstances consistent with equitable tolling where the petitioner alleged a complete absence of pertinent legal research materials at his institution of confinement during the pertinent filing period).

     Review of the findings and recommendations regarding the motion to dismiss reflects that direct review of Petitioner's criminal judgment concluded on April 14, 2010, when the California Supreme Court (CSC) denied Petitioner's petition for review.  The statute of limitations would have begun to run ninety days thereafter on July 14, 2010, but it was tolled by the pendency of the first state petition for collateral relief, which Petitioner had filed in the Kern County Superior Court (KCSC) before the statute of limitations began to run.  When the KCSC denied the petition on August 25, 2010, the statute began to run the next day and expired one year later on August 25, 2011, months before Petitioner filed his second and final state habeas petition (in the CSC) on April 28, 2012, which was subsequently denied on July 11, 2012.  No state petitions were filed during the interval between August 2010 and August 2011, but Petitioner filed a previous federal habeas petition on August 17, 2011, which was dismissed without prejudice because some of the

claims were not exhausted.  Petitioner also alleges that he lacked notice of the KCSC denial during that time.  (Fdgs. & recs. filed June 11, 2013, doc. 28, 4-9.)

The relevant time period for Petitioner's equitable tolling claim is from August 26, 2010, the date the statute began running, through July 20, 2012, the date Petitioner constructively filed the petition in the present case.

Fairly and liberally read, Petitioner's allegations concerning his mental condition constitute good faith allegations that might entitle Petitioner to equitable tolling.  During the pertinent time period, Petitioner was being treated for mental illness, specifically, depression, which periodically rendered Petitioner bedridden and, it may be inferred, reached suicidal intensity on more than one occasion.  Placement on suicide watch could warrant a conclusion that a prisoner was unable to manage his own affairs. Petitioner was on psychotropic medications; he suffered drowsiness and inability to think properly, two phenomena that might explain delay, error, or confusion with respect to exhaustion of state court remedies.  Petitioner himself states that his illness and treatment were serious factors in the timeliness of his petition.  Further, he had difficulty gaining sufficient access to legal resources.

It is true that Petitioner filed a federal petition and a state petition during the during the pertinent time period.  However, the record as it presently stands would also support an inference that Petitioner suffered misunderstandings concerning various procedures or filings associated with state court and federal court proceedings, and it is possible that mental illness affected Petitioner's ability either to file a timely petition or to marshal

14

the resources to do so.  Further, he suffered a significant delay in receiving notice of the KCSC's denial of his petition, a factor beyond his control.  It is possible that Petitioner's mental condition could explain the significant delays that otherwise signal a lack of diligence.  Petitioner's unrebutted, sworn allegations suggest that it is possible that due to severe mental illness and treatment for his illness during the relevant period of time, Petitioner was unable personally to prepare a timely petition, effectuate its timely filing, or obtain the assistance necessary to do so.

Respondent may ultimately be correct that Petitioner has not shown that a severe mental illness actually impeded the timely filing of his federal petition.  However, at this point, the Petitioner's sworn allegations are unrebutted, and there is an absence of medical evidence.  The record is not adequately developed to permit the Court to evaluate the strength of Petitioner's claim of entitlement to equitable tolling on the basis of mental illness and treatment therefor.

Accordingly, ruling on Petitioner's motion for reconsideration pursuant to Rule 59 will be deferred.  The record will be expanded to include Petitioner's medical records concerning his mental condition for the period of August 26, 2010, through July 20, 2012, and the parties will have an opportunity to submit additional briefing and documentation.

III.   <u>Disposition</u>

Accordingly, it is ORDERED that:

15

1) Consideration of Petitioner's motion for reconsideration is DEFERRED pending receipt of Petitioner's medical records and additional input from the parties; and

2) Respondent shall FILE no later than forty-five (45) days after the date of service of this order copies of Petitioner's medical records concerning his mental condition for the period of August 26, 2010, through July 20, 2012; and

3) Respondent may FILE supplemental briefing and documentation concerning Petitioner's motion for reconsideration concurrently with the filing of the expanded record; and

4) Petitioner may FILE responsive briefing and documentation no later than thirty (30) days after the date of service of Respondent's supplemental briefing.

IT IS SO ORDERED.

Dated: **April 1, 2014**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE